NOT FOR PUBLICATION                               [Dkt. Nos. 15 & 20]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| SAHARA SAM'S OASIS, LLC and SAMBE CONSTRUCTION COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ADAMS COMPANIES, INC., TEETER ENGINGEERING GROUP, P.A. and AAON, INC., <br><br> Defendants. | Civil Action No. 10-0881 (RMB/AMD) <br><br> **OPINION** |

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon two motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), by defendants Aaon Inc. ("Aaon") and Adams Companies, Inc. ("Adams").[1] Defendants Aaon and Adams seek dismissal of the

---

[1] Defendants have improperly relied upon Federal Rule of Civil Procedure 12(b)(6) as the basis for their motions. A party may not move to dismiss pursuant to 12(b)(6) after the pleadings have closed. Instead, such a motion should be brought as a Rule 12(c) motion for judgment on the pleadings. The Court will thus construe Defendants' motion as a Rule 12(c) motion. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).
 Although questions of venue are typically considered under the standards of Rule 12(b)(3), the Third Circuit has held that dismissal pursuant to Rules 12(b)(6) or 12(c) is appropriate where a forum selection clause designates a non-federal forum as the exclusive forum for litigation. Salovaara v. Jackson Nat'l

claims of plaintiffs Sahara Sam's Oasis, LLC ("Sahara Sam's") and Sambe Construction Company, Inc. ("Sambe"), as well as a crossclaim by defendant Teeter Engineering Group, P.A. ("Teeter"). Plaintiffs initiated this action with the filing of a Complaint in February 2010, in which they alleged problems with a heating, ventilating, and air conditioning (HVAC) unit installed by Defendants Aaon, Adams, and Teeter at Sahara Sam's Oasis Indoor Water Park in West Berlin, New Jersey. Teeter then brought crossclaims for indemnity against Defendants Aaon and Adams. Defendants Aaon and Adams now move to dismiss Plaintiffs' claims and Defendant Teeter's crossclaims based upon a forum selection clause contained in the contract signed by Norman Asbjornson, president of Aaon, and Yan Girlya, Vice President of Sahara Sam's and Sambe. For the following reasons, Defendants' motions to dismiss will be granted.

## I. Background

   Plaintiffs' allegations, set forth in the Complaint, are as follows. Sahara Sam's Oasis is an indoor water park in West Berlin, New Jersey. (Compl. ¶¶ 2, 8.) During construction of the park, Plaintiffs spoke with Adams about designing and installing the heating and cooling unit in the park. (Id. ¶¶ 30, 39.) Adams

---

Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001).

made a written proposal on March 3, 2008. (Id. at ¶ 37.) Norman Asbjornson, President of Aaon, and Yan Girlya, Vice President of Sambe and Sahara Sam's, signed this proposal, thus executing it as a contract, on May 9, 2008. (Id. at ¶ 39.) Attached to the contract was a document listing Aaon's standard terms of sale, which contained the paragraph now at issue. (Id. at ¶ 37; see Contract, at 4-6 [Pl.s' Ex. A].) That paragraph contains what Defendants characterize as a mandatory forum selection clause. (See Aaon's Br. 1.) It provides:

> This agreement has been negotiated and executed in the State of Oklahoma and the rights and duties of the parties hereto shall be construed pursuant to the laws of the State of Oklahoma. Buyer hereby agrees that it will not bring suit or commence any action, whether in law or in equity, against AAO pursuant to an alleged breach hereof in any court other than those of Tulsa County, Oklahoma, and Buyer expressly waives any and all rights Buyer might have to bring such action in any other court. The parties hereby further expressly waive any objection which any party might have in the jurisdiction of the courts of Tulsa County, Oklahoma .
> . . .

(Contract, at 8.0 [Pl.s' Ex. A].)

In the spring of 2009, shortly after the water park opened, the heating and cooling unit began to break down: fuses blew, compressors malfunctioned, sensors failed, corrosion occurred, the heating was inadequate, and humidity rose to such a level that it was "literally raining in the water park." (Compl. ¶¶ 46-76.) These conditions persisted for several months until

3

Plaintiffs hired additional contractors to address these problems. (Id.)

Defendants Aaon and Adams now move to dismiss Plaintiffs' claims and Defendant Teeter's crossclaim on the grounds that the forum selection clause contained in the contract mandates that this action be litigated in Oklahoma courts. (Def.s' Br. 1.)

**II. Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where, as here, a party moves for a 12(c) dismissal for failure to state a claim upon which relief can be granted, courts apply the same standard as used for a Rule 12(b)(6) motion. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); see also Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted. . . may be raised . . . by a motion under Rule 12(c).").

A Rule 12(b)(6) motion to dismiss must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover,

4

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

On a Rule 12(c) motion, just as on a Rule 12(b)(6) motion, the Court "must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Turbe, 938 F.2d at 428. "Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008) (citing Oxford Assocs. v. Waste Sys. Auth., 271 F.3d 140, 144-45 (3d Cir. 2001)).

**III. Discussion**

Defendants Aaon and Adams now move to dismiss Plaintiffs' claims and Defendant Teeter's crossclaim on the ground that a forum selection clause in the agreement governing the parties'

relationship mandates that this case be heard in the courts of Tulsa County, Oklahoma.

**A. Validity of the Forum Selection Clause**

The Court first must determine whether the forum selection clause in the contract between Aaon and Plaintiffs is valid and enforceable.

As a preliminary matter, the applicability of a forum selection clause in a diversity case in federal court is determined by federal, not state law. See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 26 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). This is because "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature . . . ." Jumara, 55 F.3d at 877 (citing Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1991)).

"[P]arties to a contract may select . . . the forum and the law under which their disputes will be settled." Banc Auto, Inc. v. Dealer Servs. Corp., No. 08-3017, 2008 U.S. Dist. LEXIS 67514, at *6 (E.D. Pa. Aug. 28, 2008). Moreover, forum selection clauses are "presumptively valid." Reynolds Publishers Inc., v. Graphics Financial Group, 938 F. Supp. 256, 263 (D.N.J. 1996) (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983)). If the language of a contract term is

6

"reasonably capable of only one construction," a court must enforce the term as written. Banc Auto, 2008 U.S. Dist. LEXIS 67514, at *6 (quoting Integrated Health Resources, LLC v. Rossi Psychological Group, 537 F. Supp. 2d 672, 674 (D.N.J. 2008)).

Courts must generally enforce a forum selection clause unless the objecting party makes a "strong showing" that (1) it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that "enforcement would . . . result in jurisdiction so seriously inconvenient as to be unreasonable." Moneygram Payment Sys. v. Consorcio Oriental, S.A., 65 F. App'x 844, 846 (3d Cir. 2003) (quoting Coastal Steel, 709 F.2d at 202). In their opposition brief, Plaintiffs contend that all of these exceptions apply here. The Court will consider each in turn.

**1. Overreaching**

Plaintiffs first contend that the forum selection clause is unenforceable as a result of overreaching by Defendant Aaon.

To invalidate a forum selection clause for overreaching, the party objecting to its enforcement must demonstrate an "unfair exploitation of [one party's] overwhelming bargaining power or influence over the other party." Pride Enters. v. Lewes Steel Serv., No. 09-330, 2010 U.S. Dist. LEXIS 31630, at *11 (D. Del. Mar. 31, 2010) (citing Rivera v. Centro Medico de Turabo, Inc.,

7

575 F.3d 10, 21 (1st Cir. 2009)). Moreover, the overreaching alleged "must have induced assent to the forum selection clause itself, not the contract as a whole." Pride Enters., 2010 U.S. Dist. LEXIS 31630, at *11 (citing Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997)).

That a contract contains boilerplate language does not alone establish fraud or overreaching. Days Inns Worldwide, Inc. v. Ram Lodging, LLC, No. 09-2275, 2010 U.S. Dist. LEXIS 37790, at *12 (D.N.J. Apr. 14, 2010). Nor does the fact that the term was not negotiated render it unenforceable. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991); Diversified Home Installations, Inc. v. Maxwell Sys., No. 09-6393, 2010 U.S. Dist. LEXIS 26753, at *16 (D.N.J. Mar. 22, 2010) (citing Wilson of Wallingford, Inc. v. Reliable Data Sys., Inc., No. 95-6686, 1995 U.S. Dist. LEXIS 18191, at *2 (E.D. Pa. Dec. 5, 1995) ("[T]he law does not require parties to actually read or bargain over each term . . . . [T]he critical inquiry is whether the provision had been reasonably communicated by the agreement.")).

Plaintiffs have not established by a "strong showing" that they agreed to the forum selection clause as a result of Aaon's overreaching. The contract--which Girlya signed on behalf of Plaintiff companies--referred to the terms of sale that governed

8

the contract on three separate occasions.[2] (See Contract, at 2-3 [Pls.' Ex. A].) Additionally, the terms of sale appeared directly behind the proposal. (Id.) The proposal's multiple references to the attached terms of sale fairly communicated to Plaintiffs their binding effect. Plaintiffs did not lack a fair opportunity to review the terms and to demand a modification if they so chose. Instead, by signing the contract and accepting Aaon's performance, Girlya manifested his assent to its terms and conditions.

Plaintiffs have argued that Girlya did not believe that the forum selection clause would apply because the contract erroneously stated that the terms of the agreement were "negotiated and executed in the state of Oklahoma." (Contract, at 6 [Pls.' Ex. A].) Despite this provision, the language of the forum selection clause cannot reasonably be described as "ambiguous," contrary to Plaintiffs' contention. Since the contract's language is clear, Girlya's subjective impressions as to the operation of particular provisions is irrelevant. See Mack Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 592 (3d Cir.

---

[2] On page 2, the contract states, "Refer to Standard AAON Terms of Sale Per Section 3.0 Warranty & Liability . . . ." (Contract, at 2 [Pls.' Ex. A].) On page 3, the proposal lists payment details under a header, "EXCEPTIONS TO AAON STANDARD TERMS AND SALES SECTION 4.0 SALES AND PRICE." (Id. at 3.) Also on page 3, directly below Girlya's signature, there appears, "ATTACHMENTS: AAON Terms of Sales page 1 - 3." (Id.)

1988) ("The parties' objective intent to create a contract is relevant--not their subjective beliefs."); <u>Novitsky v. American Consulting Engineers, LLC</u>, 196 F.3d 699, 702 (7th Cir.1999) ("Any other approach would undermine the validity of the written word and encourage people either to close their eyes (hoping that they can reap the benefits without incurring the costs and risks of the venture) or to come up with hard-to-refute tales of not reading or understanding the documents they sign."). Contracting parties may not rely upon a subjective assumption that certain provisions are inoperative merely because other terms contain extraneous boilerplate language. <u>Days Inns</u>, 2010 U.S. Dist. LEXIS 37790, at *12. Because "overwhelming bargaining power" did not induce Plaintiffs to agree to the forum selection clause, the "overreaching" exception does not apply here.

**2. Public Policy Considerations**

Plaintiffs urge the Court to decline to enforce the forum selection clause because the alleged breach took place in New Jersey, and New Jersey has a strong interest in preventing misrepresentations by vendors. (Pl.s' Opp'n Br. 5-6.)

A court may decline to enforce a forum selection clause if its application would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S.

1, 12-13 (1972). Where a forum selection clause does not directly undermine a state's public policy, courts require the objecting party to demonstrate that the relief available under the law of the forum specified would be insufficient. See, e.g., S.K.I. Beer Corp. v. Baltika Brewery, No. 06-3501, 2010 U.S. App. LEXIS 14822, at *17 (2d Cir. July 20, 2010) (declining to void a forum selection clause for public policy reasons where the objecting party "failed to show that [the law of the forum specified in the forum selection clause] did not offer adequate protections . . . to qualify as an acceptable alternative"). Here, Plaintiffs have failed to rebut the strong presumption of enforceability. Plaintiffs have not demonstrated that Oklahoma law would provide insufficient protections for consumers in New Jersey. Thus, New Jersey public policy does not bar enforcement of the forum selection clause here.

### 3. Unreasonableness

Plaintiffs next assert that the forum selection clause should not be enforced because it would be "so inconvenient as to deprive the Plaintiffs [of] their day in court." (Pl.s' Opp'n Br. 6.)

The Third Circuit has set a rigorous standard for establishing that a forum selection clause's enforcement would be unreasonable. To do so, an objecting party must demonstrate that

the forum selected is so gravely difficult and inconvenient that it will for all practical purposes be deprived of its day in court. MoneyGram Payment Sys. v. Consorcio Oriental, S.A., 65 F. App'x 844, 847 (3d Cir. 2003) (citing M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 19 (1972)). A court will not evaluate the reasonableness of a selected forum merely based on the inconvenience or additional expense to the objecting party because it must assume that the party received consideration for this potential inconvenience. Banc Auto, 2008 U.S. Dist. LEXIS 67514, at *8-9.

Plaintiffs are unable to satisfy this demanding standard. They merely contend that trial would become "seriously inconvenie[t]" if it were held in Oklahoma. While the Court fully appreciates these concerns, Plaintiffs have not demonstrated that these inconveniences would "deprive" them of their day in court. Therefore, the forum selection clause is not so unreasonable as to warrant a decision to not enforce it.

**B. Permissive or Mandatory**

The Court must also determine whether the forum selection clause here is mandatory or permissive. A permissive forum selection clause constitutes consent by the parties to jurisdiction in a particular forum, while a mandatory one establishes the particular forum as the exclusive venue for

12

litigating disputes that arise under the contract. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758 n.7 (3d Cir. 1973).

The terms of sale here state that the Plaintiffs "will not bring suit . . . in any court other than those of Tulsa County, Oklahoma, and [Plaintiffs] expressly waive[] any and all rights . . . to bring such action in any other court." (Contract, at 8.0 [Pls.' Ex. A].) This language plainly establishes Tulsa County as the exclusive jurisdiction for litigation of issues arising under the contract. As there is no reasonable alternative interpretation of this provision, the Court must conclude that it is mandatory.

**C. Scope of the Forum Selection Clause**

The Court must also consider whether all of Plaintiffs' claims are covered by the contract's forum selection clause.

That Plaintiffs' purely contractual claims fall within the scope of the contract is beyond dispute. The Court need only determine whether Plaintiffs' non-contractual claims--consumer fraud, negligence, and professional malpractice--fall within the clause's scope.

In Crescent Int'l Inc. v. Avatar Communities, Inc., the Third Circuit stated that a forum selection clause still applies where "the claims asserted arise out of the contractual relation and implicate the contract's terms." 857 F.2d 943, 944-45 (3d

13

Cir. 1988) (citing Coastal Steel, 709 F.2d at 203). The Court reached this decision in part out of concern that if forum selection clauses could be voided through the addition of tort claims, plaintiffs would simply plead frivolous non-contractual claims to avoid a forum selection clause's effect. Crescent Int'l, 857 F.2d at 945. Additionally, it is difficult to argue that certain non-contractual claims do not arise out of a contract where the contract is the basic source of any duty of the one party to the other in the first place. Coastal 709 F.2d at 203. Based on this reasoning, the Third Circuit has determined that "where the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement" of a forum selection clause. Id.

Under this clear guidance from the Third Circuit, the Court concludes that the forum selection clause covers all claims arising from the contractual relationship between Aaon and Plaintiffs here. Because all of the claims--including those sounding in tort--arise from the contractual relationship, the forum selection clause must apply to each of the claims.

**D. Effect on Third Parties**

The Court must next determine whether the forum selection clause applies to Adams and Teeter, which were not contract signatories. It is widely accepted that "non-signatory third-

parties who are 'closely related to [a] contractual relationship' are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationships." <u>Four River Exploration, LLC v. Bird Res., Inc.</u>, No. 09-3158, 2010 U.S. Dist. LEXIS 3227, at *7 (D.N.J. Jan. 15, 2010) (internal citations omitted). Plaintiffs have alleged that Adams is a sales representative for Aaon, (Compl. ¶ 29), and that "Adams effectively worked as Aaon's sales representative in the deal and conducted business on Aaon's behalf in New Jersey," (Pl.s' Opp'n Br. 7). This is sufficient to establish that Adams was "closely related" to the contract.[3] Moreover, the forum selection clause is found in the contract underlying the relationships among the parties, including Adams. The Court thus concludes that the forum selection clause applies to Adams and Teeter as well, even though they were not signatories to the contract between Plaintiffs and Aaon.

**E. Disposition**

Finally, having determined that the forum selection clause is valid and enforceable, the Court must decide whether to

---

[3] Similarly, Defendant Teeter is bound by the forum selection clause. The contract between Plaintiffs and Aaon indicates that Teeter would "review and modify" all drawings prepared by Adams under the contract. (Contract, at 2 [Pls.' Ex. A].) Teeter's work was sufficiently related to the contract to warrant an imposition of the forum selection clause in the underlying contract against Teeter.

dismiss the case, transfer it pursuant to either 28 U.S.C. § 1404 or 28 U.S.C. § 1406, or retain the case in this forum.

A federal court may not transfer a case to another federal court pursuant to § 1404 or § 1406 when a forum selection clause specifies a non-federal forum. Rosenzweig v. Brunswick Corp., No. 08-807, 2008 U.S. Dist. LEXIS 63655, at *16-17 (D.N.J. Aug. 20, 2008) (citing Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001)). In such a case, the district court must "dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice." Salovaara, 246 F.3d at 298.

To determine whether the forum selection clause designates a federal court as a possible forum, thus creating an opportunity for a § 1404 or § 1406 transfer, the Court must look to the clause's language -- "the buyer will not bring suit or commence any action. . . in any court other than those of Tulsa County, Oklahoma . . . ." (Contract, at 8.0 [Pl.s' Ex. A].)

As a matter of contract interpretation, when a contract term refers to the courts "of" a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated. Doe 1 v. AOL, LLC, 552 F.3d 1077, at *11 (9th Cir. 2009); Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 926 (10th Cir. 2005); Dixon v. TSE

Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003); LFC Lessors, Inc. V. Pac. Sewer Maint. Corp., 739 F.2d 4, 7 (1st Cir. 1984). Therefore, the courts "of Tulsa County, Oklahoma" can refer only to Oklahoma state courts and must exclude the United States District Court for the Northern District of Oklahoma, which sits in Tulsa County. Although the United States District Court for the Northern District of Oklahoma is a court "in" Tulsa County, it is "not a court of Tulsa County; it is a court of the United States." Zenergy, Inc. v. Novus Operating Co., No. 07-0128, 2007 WL 1160327, *1 (N.D. Okla. April 17, 2007). Thus, because the contract between Aaon and Plaintiffs identifies state courts as the exclusive forum for litigating claims arising from the contract, transferring the case to another federal court pursuant to § 1404 or § 1406 would be inappropriate.

Furthermore, the Court finds that dismissal serves the interests of justice. Although New Jersey may have a greater interest in the litigation than Oklahoma, and trial in New Jersey would be more convenient and less expensive than in Oklahoma, these factors do not outweigh the interest in enforcing the forum selection clause. See Banc Auto, 2008 U.S. Dist. LEXIS 67514, at *12-13 (enforcing a forum selection clause requiring suit to be brought in Indiana even though it would be more expensive and inconvenient for witnesses). Plaintiffs have not made a

17

sufficiently "strong showing" that litigating the case in Oklahoma would work such a grave injustice so as to overcome the presumptive validity of a forum selection clause. Id. Therefore, Defendants Aaon and Adams' motions to dismiss Plaintiffs' claims and Defendant Teeter's crossclaim will be granted.

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss will be granted without prejudice to the rights of Plaintiffs and Defendant Teeter to bring their claims in the courts of Tulsa County, Oklahoma. An Order accompanies this Opinion.


Date: August 12, 2010          s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE